Joseph G. Pia (9945) (joe.pia@piahoyt.com)
John P. Mertens (14522) (jmertens@piahoyt.com)
Scott R. Hoyt (14558) (shoyt@piahoyt.com)
Adam L. Hoyt (13463) (ahoyt@piahoyt.com)
Ciera C. Archuleta (17159) (carchuleta@piahoyt.com)
PIA HOYT, LLC
136 E. South Temple, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 350-9000
Facsimile: (801) 350-9010

*Attorneys for Plaintiff Gabb Wireless, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| GABB WIRELESS, INC. a Delaware Corporation, <br><br>    Plaintiff, <br> v. <br><br> TROOMI WIRELESS, INC, a Delaware Corporation; and WILLIAM BRADY, an individual; DAVID L. PREECE, an individual. <br><br>    Defendants. | **COMPLAINT** <br><br> **(JURY TRIAL REQUESTED)** <br><br> Case:_____ <br><br> Judge:_____ |

Plaintiff GABB WIRELESS, INC. ("**Plaintiff**" "**Gabb**" or "**Gabb Wireless**") hereby complains against TROOMI WIRELESS, INC., WILLIAM J. BRADY, and DAVID L. PREECE (collectively, "**Defendants**") and alleges as follows:

### NATURE OF THE CASE

1.  This is a federal question action, pursuant to 15 U.S.C. § 1125, 18 U.S.C. § 1030, and 28 U.S.C. § 2201, seeking damages, injunctive relief, and declaratory relief against Defendants, TROOMI WIRELESS, WILLIAM J. BRADY, and DAVID L. PREECE.

2.      In or about November 2018, Gabb Wireless, then Tyndale, entered into an agreement with third party, Xponential, Inc., d/b/a EKR ("**EKR**"), a consulting firm that provides services, and works closely with, startup companies to assist them with business strategy, marketing, creative services, and technology infrastructure, and the like. In addition to contracting with EKR to provide marketing, consulting, and management services, the parties agreed that as of EKR's contracted services with Plaintiff, EKR would create an original mark to replace the then company name, Tyndale. The marks were developed as a work made for hire for Tyndale. Tyndale was the sole owner of the marks. Per the agreements between Gabb (then Tyndale) and EKR, EKR provided Plaintiff with several original marks to replace the Tyndale name. As part of this process, Mr. Brady, who worked for EKR, provided "Troomi" and "Gabb" as original marks to be used by Gabb Wireless (then Tyndale).

3.      Further, as the original mark "Troomi" was created pursuant to Plaintiff's agreements with EKR, Gabb is the owner of all right, title, and interest in and to the mark "Troomi." Gabb Wireless compensated EKR for its work, which benefited Mr. Brady as the President of EKR both financially and in other ways. In addition, as president of EKR, Mr. Brady received ample consideration directly and indirectly from Gabb Wireless, by and through his employment with EKR, when he participated in the creation of the original mark "Troomi."

4.      However, Mr. Brady, as well as Defendants Troomi Wireless and David L. Preece have taken surreptitious and bad faith actions, attempting to circumvent Gabb Wireless's rights to the mark, "Troomi." Indeed, on or about May 5, 2020, Mr. Brady, along with his new business partner, David L. Preece, surreptitiously filed a trademark application with the United States Patent and Trademark Office to incorporate the name "Troomi." Through such application, Defendants

have falsely, fraudulently, and in bad faith, asserted ownership of, and control over, the original mark "Troomi."

5.     As a direct result of Defendants' actions, Plaintiff has incurred, and will continue to incur, substantial damages. Further, if injunctive relief is not granted, Plaintiff will be irreparably harmed.

<u>**PARTIES, JURISDICTION, AND VENUE**</u>

6.     Plaintiff Gabb Wireless is a duly formed corporation, organized under the laws of the State of Delaware. Gabb Wireless's principal place of business is located at 4101 N. Thanksgiving Way, Lehi, Utah 84043.

7.     Upon information and belief, Defendant Troomi Wireless, Inc. ("**Troomi Wireless**") is a duly formed corporation, organized under the laws of the State of Delaware. Defendant Troomi's principal place of business is located at 3300 Triumph Blvd., Suite 100, Lehi, Utah 84043.

8.     Upon information and belief, Defendant William J. Brady ("**Mr. Brady**") is an individual who resides at 30 Allegheny Way, Alpine, Utah 84004.

9.     Upon information and belief Defendant David L. Preece ("**Mr. Preece**") is an individual who resides as 247 East Ama Fille Lane, Elk Ridge, UT 84651.

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as Plaintiff is seeking relief pursuant to 15 U.S.C. § 1125, 18 U.S.C. § 1030, and 28 U.S.C. § 2201.

11.     The Court has personal jurisdiction over Defendants because Mr. Brady and Mr. Preece reside in the State of Utah, and Troomi Wireless has its principal place of business located in the State of Utah.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Mr. Brady and Mr. Preece reside in this judicial district, and Troomi Wireless has its principal place of business located in this judicial district. Further, a substantial amount of the events giving rise to this action occurred in this judicial district.

## FACTUAL BACKGROUND

13.     Gabb Wireless is based in Lehi, Utah, and provides a nationwide cellular network and smartphones that are safe for children and teens between the ages of approximately 8 to 16 years old. Gabb Wireless's safe smartphones for kids provide basic functions such as calling, texting, camera and music – but without internet access, addictive games or social media that tether kids to their phones with unhealthy activities and excessive screen time. Gabb Wireless's safe smartphones and related services encourage kids to "live beyond the screen."

14.     Gabb Wireless was conceived and founded by Stephen Dalby ("**Mr. Dalby**") in the summer of 2018. Mr. Dalby is an American entrepreneur, who decided to create a safe cellular network for kids after realizing there were no good options available for his son's first phone. Mr. Dalby wanted to be able to stay in touch with his son via cell phone and text messaging to make sure he was safe. But after visiting several major phone retailers, the only options were expensive, high-tech smartphones. Mr. Dalby felt that kids did not need unlimited internet access, addictive games, or unfettered access to social media – which can lead to increased anxiety, depression, suicide ideation, cyber-bullying and exploitation by sexual predators. He also believed that parents

should not have to spend $700-$1,200 for a breakable device for their child. As such, Mr. Dalby founded Gabb Wireless.

15.     To help build his new company, Mr. Dalby sought the assistance of Xponential, Inc., d/b/a EKR ("**EKR**"), a consulting firm that works closely with startups to assist with business strategy, marketing, creative services, and technology infrastructure. In a meeting at EKR's offices in Provo, Utah, on September 22, 2018, Mr. Dalby met with EKR principals Lance Black, Jarid Love, and Mr. Brady, wherein Mr. Dalby first described his plan for a nationwide cellular phone company that would be safe for kids. Mr. Dalby indicated his desire to enlist EKR to help with this new venture, and invited Messrs. Black, Love, and Brady to participate in the new company as founding partners.

16.     At the time of the September 2018 meeting with Mr. Dalby, Mr. Brady was EKR's President.

17.     Shortly after the September 2018 meeting at EKR, Mr. Dalby filed articles of incorporation on or about October 8, 2018, to form Tyndale Technology, Inc. ("**Tyndale**"). Along with Mr. Dalby identified as Tyndale's President, the articles of incorporation listed EKR principals Lance Black, Jarid Love, and Mr. Brady as its officers and directors. The purpose of Tyndale (later known as Gabb Wireless) was to execute Mr. Dalby's plan for a safe cellular network for kids.

18.     In or about November 2018, Mr. Dalby hired EKR to come up with potential new names for the company, and on or about November 21, 2018, EKR delivered a confidential 30-page presentation with potential company names and service extension names, which included the name "Wireless" to follow the new company names EKR proposed.

19.     In addition, Mr. Brady and EKR delivered a second confidential presentation for the naming project on or about December 14, 2018, wherein the original marks "Gabb" and "Troomi" were proposed as new names for Tyndale.

20.     While Mr. Dalby decided to change the name of Tyndale to "Gabb Wireless," however, as owner of the other names presented to him during the confidential presentations, he intended to use the original mark "Troomi" as part of Gabb's continued expansion and creation of additional technological devices that are safe for kids.

21.     On or about March 11, 2019, Gabb Wireless signed a Statement of Work related to work performed on Gabb Wireless's website design and development to help build Gabb's brand ("**WDD Agreement**").

22.     In addition, the WDD Agreement provides that all selected materials, artwork, and/or digital deliverables produced by EKR, its employees, agents or assistants for a Client (Tyndale) will be owned by the Client. The agreement provides that all work performed for Client by EKR shall be considered "work for hire." Therefore, under its agreements with EKR, Tyndale is the true and rightful owner of the mark "Troomi."

23.     At the time the WDD Agreement was executed, Mr. Brady was still President of EKR.

24.     Throughout much of the time that EKR performed marketing, consulting, and management services for Gabb Wireless, EKR invoiced Gabb Wireless for the work.

25.     Gabb Wireless paid those EKR invoices. Such payments financially benefitted Mr. Brady as the President of EKR.

26.     In addition, Mr. Brady received compensation by and through his employment agreement with EKR, for his participation in the creation of original marks for Gabb Wireless.

27.     Between November 2019 and March 2020, Defendant Brady continued to do work for Gabb Wireless, while representing himself as a "founder," "founding partner," "founding vice president" and/or "officer" of Gabb Wireless.

28.     In or about March 2020, Gabb Wireless was about to close a round of seed funding. As part of that process, Gabb Wireless requested that the EKR members of its founding team (*i.e.*, Lance Black, Jarid Love and Defendant Brady) sign certain documents, including independent contractor agreements. Although Messrs. Black and Love signed the agreements, Mr. Brady refused.

29.     Instead, Mr. Brady sent Mr. Dalby an email in which he said that he was "formally withdrawing [his] involvement in Gabb [Wireless]." However, Mr. Brady remained President of EKR.

30.     Shortly after "formally withdrawing his involvement in Gabb" – and perhaps even earlier – Defendant Brady took steps to hide his intentions and actions about forming a new company that would directly compete with Gabb Wireless. For example, on April 11, 2020, Mr. Brady accessed EKR's Google Docs account and restricted access to the confidential December 14, 2018 slide deck that EKR had prepared for the naming project that led Plaintiff to change its name to "Gabb Wireless." The December 14, 2018 slide deck included the names "Gabb" and "Troomi" as possibilities for the company's new name. It is significant that Defendant Brady did *not* restrict access to the earlier November 21, 2018 slide deck for the naming project – which did *not* include the names "Gabb" or "Troomi." Mr. Brady's selective restriction of the

December 2018 slide deck with "Troomi" demonstrates that he intended to use "Troomi" for the name of his new company and hoped his former colleagues at Gabb Wireless would forget that "Troomi" was a name EKR had proposed for the company – in a confidential project for which the company had specifically engaged EKR.

31.     On or about May 5, 2020, Mr. Brady surreptitiously filed an application with the United States Patent and Trademark Office ("**USPTO**") to falsely, fraudulently, and in bad faith trademark the original mark "TROOMI" for a business that related to "Cell phones; Smartphones; Tablet computers" with ownership purportedly vesting in Brady and his collaborators and assigns. A copy of Defendant Brady's trademark application is attached hereto as **Exhibit A**.

32.     Indeed, in the application to trademark "Troomi," Mr. Brady and Mr. Preece falsely, fraudulently, and deceptively represent themselves as the owners of the original mark "Troomi." *See* Application at pgs. 1-2.

33.     Of course, "Troomi" was one of names that Mr. Brady and EKR developed for and on behalf of their services provided to Tyndale, now Gabb Wireless.

34.     On or about May 6, 2020, Defendant Brady again logged into EKR's Google Docs account to access the December 14, 2018 slide deck to which he had previously restricted access on April 11, 2020. But this time, Mr. Brady ***deleted*** the December 2018 slide deck that included the name "Troomi." Having just filed a trademark application for "Troomi" the previous day, Defendant Brady obviously sought to destroy evidence that he had proposed "Troomi" as a name for Gabb Wireless back in December 2018 – in a project for which the company had specifically engaged EKR.  Mr. Brady never informed either Gabb Wireless or his colleagues at EKR that he had deleted the December 14, 2018 slide deck that included "Troomi."

35.     As the owner of this mark, Mr. Dalby and Gabb Wireless intend to use "Troomi" as part of Gabb Wireless's continued expansion of electronic products that are safe for kids.

36.     Mr. Brady's application for "Troomi" was not published by the USPTO until February 2021. Attached hereto as **Exhibit B** and **Exhibit C** are the Official Notice of Publication and Publication Conformation, respectively.

37.     Upon information and belief, on or about May 22, 2020, Mr. Brady or his Troomi Wireless business partner, Mr. Preece, reached out to Telispire, an "aggregator" that helps startup cellular companies set up as an MVNO (mobile virtual network operator). Mr. Brady then resigned from EKR on or about June 5, 2020.

38.     On or about June 24, 2020, only three months after leaving Gabb Wireless and only a few weeks after resigning from EKR, Mr. Brady filed articles of incorporation for "Troomi Wireless, Inc." as a new corporation, organized under the laws of the State of Delaware.

39.     On or about July 6, 2020, Defendant Brady filed an application with the Utah Department of Commerce for Troomi Wireless to conduct business as a foreign (*i.e.*, out-of-state) corporation in Utah. The application lists William Brady as an officer, director, and President of Troomi Wireless, with Mr. Preece, as an officer, director, vice president, and secretary of the corporation.

40.     Further, in the application, Mr. Brady stated that Troomi Wireless's mission is to:

> [H]elp children discover their talents and encourage and safeguard them along the way. We do this by providing solutions that empower children to pursue their dreams vigorously through a safe, balanced relationship with technology.

41.     Mr. Brady's application with the Utah Department of Commerce makes it clear that Troomi Wireless is pursuing the exact same business model as Gabb Wireless.

42.     Upon information and belief, Defendants have filed applications in all fifty states with the respective authorities for Troomi Wireless to do business nationwide – using Gabb Wireless's mark, "Troomi."

43.     No one at Gabb Wireless knew about Mr. Brady's founding of Troomi Wireless until March 2021, when Lance Black saw an Instagram page for Troomi Wireless on his Instagram feed. The Troomi Wireless Instagram page was owned by Defendant Brady:



44.     As of March 2021, Defendant Brady continued to list himself as a "Founding Partner at Gabb Wireless" as one of his "current" positions on his LinkedIn profile. By contrast, his March 2021 LinkedIn profile said nothing about his founding of Troomi Wireless:



45.     Further as of April 2021, Troomi Wireless maintains a LinkedIn page, representing itself as a company that provides safe alternatives to introduce children to smartphones. In addition, Troomi Wireless is recognized as being "similar" to Gabb Wireless:



11

## About us

With a mission to help children learn, do and become anything through a safe, balanced relationship with technology, Troomi is the smartest way to introduce phones to kids.

Our KidSmart OS™ empowers children by protecting them from pornography, predators, bullies and screen addiction while providing tools to excel in school and opportunities to enjoy their hobbies, nurture their talents and discover new passions.

We believe in the limitless potential of every child, so we provide protection today while preparing kids for tomorrow.

| | |
|---|---|
| Website | http://www.troomi.com ⬈ |
| Industries | Telecommunications |
| Company size | 11-50 employees |
| Headquarters | Lehi, Utah |
| Type | Privately Held |
| Founded | 2021 |

46.    As of April 2021, Troomi Wireless operates the website Troomi.com, wherein it continues to represent that Troomi Wireless, as well as the company's co-founders, are the owners of the original mark, "Troomi," and that Troomi Wireless is a kid-friendly smartphone company that allows for children to have a safe experience with smartphones:





47.     On or about March 31, 2021, Plaintiff Gabb Wireless filed an application with the USPTO to trademark the name "Troomi" for "downloadable electronic game software for kids for used on wireless devices, mobile and cellular phones, and smart watches." A copy of Plaintiff's Trademark Application is attached hereto as **Exhibit D**.

48.     As a direct and proximate result of Defendants' conduct, Gabb Wireless has incurred, and will continue to incur, substantial damages in an amount to be determined at trial, but in no event less than $5,000,000.00.

49.     As a direct and proximate result of Defendants' conduct, Gabb Wireless has or will suffer irreparable harm.

50.     Plaintiff is therefore entitled to judgment against Defendants as set forth in the Prayer for Relief.

## FIRST CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1125(a) – As against all Defendants)

51.     Plaintiff incorporates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

52.     Defendants represent that they are the owners of the original mark "Troomi."

53.     Further, Defendants have filed misleading applications to do business in all fifty states, incorporating the original mark, "Troomi," as their own.

54.     Such representations are material.

55.     Plaintiff Gabb Wireless is using the original mark, "Troomi," in commerce as part of its continued expansion of technological devices that are safe for children.

56.     Defendants' representations are misleading.

57.     Defendants continue to use the mark "Troomi" in commerce.

58.     Upon information and belief, Defendants have filed applications to do business in all fifty states, they operate a website, Troomi.com, that is used commerce, and they maintain multiple social media platform pages, wherein they continue to represent themselves as the owners of the original mark, "Troomi."

59.     Such representations have caused and/or will cause mistake as to Defendants' ownership of the Troomi mark, since Defendants' have only through fraud and bad faith ostensibly filed a trademark application in their names as owners; whereas, the mark was prepared and provided to Gabb Wireless expressly under EKR's agreements with Gabb Wireless to provide such services for and on behalf of Gabb Wireless as a work-for-hire.

60.      Such representations have caused and/or will cause mistake as to Defendants' association, connection, and/or affiliation with Plaintiff Gabb Wireless and its mark, "Troomi."

61. Such representations have caused and/or will cause deception as to Defendants association, connection, and or affiliation of Defendants with Plaintiff Gabb Wireless and its original mark, "Troomi."

62. Such representations have caused and/or will cause deception in relation to Gabb Wireless's approval of Defendants' use of the original mark, "Troomi."

63. As a direct and proximate result of Defendants misrepresentations and false advertising, Plaintiff has incurred, and will continue to incur, substantial damages in an amount to be determined at trial, but in no event less than $5,000,000.00.

64. As a direct and proximate result of Defendants misrepresentations and false advertising, Plaintiffs have and/or will suffer irreparable harm if Defendants are allowed to continue to use the mark, "Troomi."

65. As such, Plaintiff is entitled to judgment as a matter of law as described in the Prayer for Relief.

### SECOND CAUSE OF ACTION
**(Violation of 15 U.S.C. § 1125(a) – As against all Defendants)**

66. Plaintiff incorporates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

67. Defendants are passing off or palming off Gabb Wireless's mark, "Troomi," as their own goods and services.

68. Defendants have falsely represented that they are the owners of the original mark, "Troomi."

69. Such representations have caused and/or will cause mistake as to Defendants' ownership of the Troomi mark, since Defendants' have only through fraud and bad faith ostensibly

filed a trademark application in their names as owners; whereas, the mark was prepared and provided to Gabb Wireless expressly under EKR's agreements with Gabb Wireless to provide such services for and on behalf of Gabb Wireless as a work-for-hire.

70.     Further, Defendants have filed misleading applications to do business in all fifty states, incorporating the original mark, "Troomi," as their own.

71.     Defendants are using the original mark, "Troomi," in commerce.

72.     Upon information and belief, Defendants have filed applications to do business in all fifty states, they operate a website, Troomi.com, that is used commerce, and they maintain multiple social media platform pages, wherein they continue to represent themselves as the owners of the mark, "Troomi."

73.     Such passing off and/or palming off of the mark, "Troomi," has caused and/or will cause mistake as to Defendants' association, connection, and/or affiliation with Plaintiff Gabb Wireless and its original mark, "Troomi."

74.     Such passing off and/or palming off of the mark, "Troomi," has caused and/or will cause deception as to Defendants association, connection, and or affiliation of Defendants with Plaintiff Gabb Wireless and its original mark, "Troomi."

75.     Such passing off and/or palming off of the mark "Troomi," has caused and/or will cause deception in relation to Gabb Wireless's approval of Defendants' use of the original mark, "Troomi."

76.     As a direct and proximate result of Defendants misrepresentations and false advertising, Plaintiff has incurred, and will continue to incur, substantial damages in an amount to be determined at trial, but in no event less than $5,000,000.00.

77.     As a direct and proximate result of Defendants misrepresentations and false advertising, Plaintiffs have and/or will suffer irreparable harm if Defendants are allowed to continue to use the original mark, "Troomi."

78.     As such, Plaintiff is entitled to judgment as a matter of law as described in the Prayer for Relief.

### THIRD CAUSE OF ACTION
**(Violation of 18 U.S.C. § 1030(a)(2)(C) – as against Defendant Brady)**

79.     Plaintiff incorporates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

80.     18 U.S.C. § 1030(a)(2)(C) provides that "[w]hoever — (2) intentionally accesses a computer without authorization or exceeds authorized access and thereby obtains— (C) information from a protected computer" has violated this section. 18 U.S.C. §1030(a)(2)(C).

81.     Additionally, "[a]ny person who suffers damage or loss by reason of [18 U.S.C. § 1030] may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g).

82.     Gabb Wireless is an aggrieved person as defined by 18 U.S.C. § 1030(e)(12).

83.     The computer used by Mr. Brady to access EKR's Google Docs on multiple occasions is a "protected computer" as defined by 18 U.S.C. § 1030(e)(2).

84.     The computer used by Mr. Brady to access EKR's Google Docs was connected to the internet when he undertook the actions as alleged.

85.     Upon information and belief, on or about April 11, 2020, Mr. Brady knowingly/intentionally used his computer and accessed EKR's Google Docs account and

restricted access to the confidential December 14, 2018 slide deck for the naming project, which included the names "Gabb" and "Troomi" as possibilities for the company's new name.

86.     Mr. Brady did not have authorized access to access and restrict this confidential Google Doc and/or exceeded his authorized access to do so.

87.     In the alternative, to the extent he had authorized access to the Google Doc, he lost his authorization to access through his breaches of duties to the company.

88.     Further, upon information and belief, on or about May 6, 2020, Mr. Brady intentionally/knowingly used his computer and accessed EKR's Google Docs account to access the December 14, 2018 slide deck for the naming project, to which he had previously restricted access to on April 11, 2020. However, this time, Mr. Brady deleted the December 2018 slide deck for the naming project, which included the names "Gabb" and "Troomi" as possibilities for the company's new name.

89.     Mr. Brady did not have authorized access to access the confidential Google Doc and remove the confidential slide deck from the Google Doc and/or exceeded his authorized access to do so.

90.     In the alternative, to the extent he had authorized access to the Google Doc, he lost his authorization to access through his breaches of duties to the company.

91.     With each of these instances, Mr. Brady intentionally obtained information – the December 14, 2018 confidential slide deck for the naming project, which included the names "Gabb" and "Troomi" as possibilities for the company's new name.

92.     Plaintiff has suffered losses, as defined by 18 U.S.C. § 1030(e)(11), during a one-year period aggregating to at least $5,000 in value. Indeed, Plaintiff has had to expend resources,

in an amount to be determined at trial, but not less than $5,000.00, to respond to Defendant's nefarious and illicit actions.

93.     As a direct and proximate result of Mr. Brady actions, Plaintiff has incurred, and will continue to incur, substantial damages in an amount to be determined at trial, but in no event less than $5,000,000.00.

94.     As such, Plaintiff is entitled to judgment as a matter of law as described in the Prayer for Relief.

**FOURTH CAUSE OF ACTION**
**(Violation of 18 U.S.C. § 1030(a)(5) – as against Defendant Brady)**

95.     Plaintiff incorporates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

96.     18 U.S.C. § 1030(a)(5) provides that "[w]hoever—(5)(A) knowingly causes the transmission of a program, information, code, or command and the result of such conduct, intentionally causes damages without authorization to a protected computer; (B) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damages; or (C) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss" has violated this section. 18 U.S.C. § 1030(a)(5).

97.     Additionally, "[a]ny person who suffers damage or loss by reason of [18 U.S.C. § 1030] may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g).

98.     Plaintiff is an aggrieved person as defined by 18 U.S.C. § 1030(e)(12).

99.     Further, the computer used by Mr. Brady is a "protected computer" as defined by 18 U.S.C. § 1030(e)(2).

100.    The computer used by Mr. Brady to access EKR's Google Docs was connected to the internet when he undertook the actions as alleged.

101.    Upon information and belief, on or about May 6, 2020, Mr. Brady intentionally/knowingly used his computer and accessed EKR's Google Docs account to access the December 14, 2018 slide deck for the naming project to which he had previously restricted access to on April 11, 2020. However, this time, Mr. Brady deleted the December 2018 slide deck for the naming project, which included the names "Gabb" and "Troomi" as possibilities for the company's new name.

102.    Mr. Brady did not have authorized access to access the confidential Google Doc and remove the confidential slide deck from the Google Doc and/or exceeded his authorized access to do so.

103.    In the alternative, to the extent he had authorized access to the Google Doc, he lost his authorization to access through his breaches of duties to the company.

104.    Further, in accessing the confidential Google Doc and by deleting the December 2018 slide deck for the naming project, which included the names "Gabb" and "Troomi" as possibilities for the company's new name, Mr. Brady has caused Plaintiff damages.

105.    Plaintiff has suffered losses, as defined by 18 U.S.C. § 1030(e)(11), during a one-year period aggregating to at least $5,000 in value. Indeed, Plaintiff has had to expend resources, in an amount to be determined at trial, but not less than $5,000.00, to respond to Defendant's nefarious and illicit actions.

106.     As a direct and proximate result of Mr. Brady actions, Plaintiff has incurred, and will continue to incur, substantial damages in an amount to be determined at trial, but in no event less than $5,000,000.00.

107.     As such, Plaintiff is entitled to judgment as a matter of law as described in the Prayer for Relief.

### FIFTH CAUSE OF ACTION
**(Violation of 18 U.S.C. § 1030(a)(4) – as against Defendant Brady)**

108.     Plaintiff incorporates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

109.     18 U.S.C. § 1030(a)(5) provides that "[w]hoever—(4) knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value" has violated this section. 18 U.S.C. § 1030(a)(4).

110.     Additionally, "[a]ny person who suffers damage or loss by reason of [18 U.S.C. § 1030] may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g).

111.     Plaintiff is an aggrieved person as defined by 18 U.S.C. § 1030(e)(12).

112.     Further, the computer used by Mr. Brady is a "protected computer" as defined by 18 U.S.C. § 1030(e)(2).

113.     The computer used by Mr. Brady to access EKR's Google Docs was connected to the internet when he undertook the actions as alleged.

114.     Upon information and belief, on or about April 11, 2020, Mr. Brady knowingly and with an intent to defraud used his computer and accessed EKR's Google Docs account and

restricted access to the confidential December 14, 2018 slide deck prepared by EKR for the naming project, which included the names "Gabb" and "Troomi" as possibilities for the company's new name.

115.    Mr. Brady did not have authorized access to access and restrict this confidential Google Doc and/or exceeded his authorized access to do so.

116.    In the alternative, to the extent he had authorized access to the Google Doc, he lost his authorization to access through his breaches of duties to the company.

117.    Such actions were intended to further Mr. Brady's fraud – hide his intentions and actions about forming a new company that would directly compete with Gabb Wireless and cover his tracks by limiting access to the confidential December 2018 slide deck for the naming project, which included the names "Gabb" and "Troomi" as possibilities for the company's new name.

118.    Further, upon information and belief, on or about May 6, 2020, Mr. Brady knowingly and with an intent to defraud used his computer and accessed EKR's Google Docs account to access the December 14, 2018 slide deck for the naming project to which he had previously restricted access on April 11, 2020. However, this time, Mr. Brady deleted the December 2018 slide deck for the naming project, which included the names "Gabb" and "Troomi" as possibilities for the company's new name.

119.    Mr. Brady did not have authorized access to access the confidential Google Doc and remove the confidential slide deck from the Google Doc and/or exceeded his authorized access to do so.

120.    In the alternative, to the extent he had authorized access to the Google Doc, he lost his authorization to access through his breaches of duties to the company.

121.     Such actions were intended to further Mr. Brady's fraud – hide his intentions and actions about forming a new company that would directly compete with Gabb Wireless and cover his tracks by destroying the confidential December 2018 slide deck for the naming project, which included the names "Gabb" and "Troomi" as possibilities for the company's new name.

122.     Through Mr. Brady's unauthorized access of EKR's confidential Google Doc on both April 11, 2020 and May 6, 2020, he obtained the confidential December 2018 slide deck for the naming project, which included the names "Gabb" and "Troomi" as possibilities for the company's new name.

123.     Plaintiff has suffered losses, as defined by 18 U.S.C. § 1030(e)(11), during a one-year period aggregating to at least $5,000 in value. Indeed, Plaintiff has had to expend resources, in an amount to be determined at trial, but not less than $5,000.00, to respond to Defendant's nefarious and illicit actions.

124.     As a direct and proximate result of Defendant Brady actions, Plaintiff has incurred, and will continue to incur, substantial damages in an amount to be determined at trial, but in no event less than $5,000,000.00.

As such, Plaintiff is entitled to judgment as a matter of law as described in the Prayer for Relief.

## SIXTH CAUSE OF ACTION
### (Declaratory Judgment (28 U.S.C. § 2201(a)) – As against all Defendants)

125.     Plaintiff incorporates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

126.      In or about November 2018, Mr. Dalby hired EKR to come up with potential new names for Tyndale.

127.    On or about November 21, 2018, EKR delivered a confidential 30-page presentation with potential company names and service extension names, which included the name "Wireless" to follow the new company names EKR proposed.

128.    Further, in delivering a second confidential presentation for the naming project on December 14, 2018, EKR and Mr. Brady proposed "Gabb" and "Troomi" as new, potential names for Tyndale.

129.    While Mr. Dalby decided to change the name of Tyndale to "Gabb Wireless," however, as owner of the other names presented to him during the confidential presentations, he intended to use the other name, such as "Troomi," as part of Gabb's continued expansion and creation of additional technological devices that are safe for children.

130.    On or about March 11, 2019, Gabb Wireless signed the WDD Agreement to help create Gabb Wireless's brand.

131.    The WDD Agreement provides that all materials created for Gabb Wireless are owned by the client, Gabb Wireless, and the work performed was considered work for hire.

132.    At the time the WDD Agreement was executed, Mr. Brady was still President of EKR.

133.    Throughout much of the time that EKR performed marketing, consulting, and management services for Gabb Wireless, EKR invoiced Gabb Wireless for the work.

134.    Gabb Wireless paid those EKR invoices, and such payments financially benefitted Mr. Brady as the President of EKR, in addition to the compensation he received by and through his employment agreement with EKR, for his participation in the creation of marks for Gabb Wireless.

135.    Defendants are now falsely, fraudulently, and in bad faith publicly representing themselves as the owners of the mark, "Troomi."

136.    Gabb Wireless intends to use/and is using the mark, Troomi, in commerce as part of its continued expansion in technological devices that are safe for children.

137.    Therefore, pursuant to the Federal Declaratory Judgment Act, Plaintiff is entitled to declaratory judgment, including, but not limited to the declaration that Plaintiff Gabb Wireless is the owner of the mark, "Troomi."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gabb Wireless, Inc., prays for the entry of a judgment against Defendants as follows:

1.    Judgment in Plaintiff's favor against Defendants on all causes of action and claims for relief alleged herein;

2.    For general, consequential, and compensatory damages in amounts to be proven at trial, but in no event less than $5,000,000.00, plus treble damages where available;

3.    For preliminary and permanent injunctive relief against Defendants to preclude them from use of the mark "Troomi;"

4.    For judgment that this is an exceptional case;

5.    For punitive damages;

6.    For exemplary damages;

7.    For restitution;

8.    For costs of suit incurred herein;

9.    For prejudgment interest;

10.      For post-judgment interest;

11.      For attorney's fees and costs;

12.      For an order finding that Mr. Brady violated 18 U.S.C. § 1030;

13.      For joint and several liability by and between all Defendants; and

14.      For such other and further relief as the Court may deem to be just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury for the causes of action, claims, or issues in this action that are triable as a matter of right to a jury.


DATED this 23rd day of April 2021.

PIA HOYT, LLC

*/s/ Joseph G. Pia*
Joseph G. Pia
John P. Mertens
Scott R. Hoyt
Adam L. Hoyt
Ciera C. Archuleta
*Attorneys for Plaintiff*
