Larry R. Laycock (4743)
larry.laycock@dentons.com
Clinton E. Duke (9784)
clinton.duke@dentons.com
Adam B. Beckstrom (14127)
adam.beckstrom@dentons.com
Madeline Aller (16770)
madeline.aller@dentons.com
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| GABB WIRELESS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TROOMI WIRELESS, INC., a Delaware corporation; and WILLIAM BRADY, an individual; DAVID L. PREECE, an individual.<br><br>Defendants. | **DEFENDANTS' MOTION TO DISMISS**<br><br>Civil No. 2:21-cv-00253-TC-DAO<br><br>Judge Tena Campbell<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Troomi Wireless, Inc. ("Troomi"),

William Brady ("Brady"), and David L. Preece ("Preece", collectively "Defendants") move for

dismissal of the first and second causes of actions contained in the April 26, 2021 Complaint

("Complaint"), filed by Plaintiff Gabb Wireless, Inc. ("Plaintiff" or "Gabb") for failure to state a claim upon which relief can be granted.

**CONCISE STATEMENT OF RELIEF SOUGHT AND GROUNDS FOR RELIEF**

Gabb's first and second causes of action are based on the Lanham Act and specifically cite to 15 U.S.C. § 1125(a). The Lanham Act supports several different causes of action including trademark infringement, false advertising, and dilution of a famous mark. Gabb's first two causes of action do not make it clear as to which of these causes of action Gabb is actually alleging. Gabb never alleges that its mark is famous, so we can assume that dilution of a famous mark is not claimed. However, Gabb's use of terms like "passing off" and "false advertising" suggests that it is attempting to bring a trademark infringement claim and a false advertising claim. Gabb, however, falls far short of stating claims upon which relief can be granted. Specifically, Gabb's causes of action are based on a fundamental misunderstanding of trademark and false advertising law.

Ownership of a trademark derives from use, not creation. Gabb alleges that it "owns" the Troomi mark because it believes it hired someone to brainstorm new names and because Troomi was one of the potential names on a list. Gabb also relies on the work for hire doctrine even though this doctrine relates to copyright law, not trademark law. Because Gabb's first and second causes of action are based on a mischaracterization of how trademark ownership is obtained, they do not state claims upon which relief can be granted and should be dismissed. Gabb's false advertising claim should also be dismissed because it does not allege that any advertisement is false.

## STATEMENT OF FACTS

Although Defendants dispute many of the allegations of Gabb's Complaint, the allegations are assumed to be true for purposes of this motion to dismiss only. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Among Gabb's allegations are the following which are numbered with the paragraph number of Gabb's Complaint. Again, Defendants deny many of these allegations, but they are identified as facts below so that they can be evaluated as to whether they state a claim upon which relief can be granted.

2. "In addition to contracting with EKR to provide marketing, consulting, and management services, the parties agreed that as of EKR's contracted services with Plaintiff, EKR would create an original mark to replace the then company name, Tyndale. The marks were developed as a work made for hire for Tyndale. Tyndale was the sole owner of the marks. As part of this process, Mr. Brady, who worked for EKR, provided, 'Troomi' and 'Gabb' as original marks to be used by Gabb Wireless (then Tyndale)."

3. "Further, as the original mark 'Troomi' was created pursuant to Plaintiff's agreements with EKR, Gabb is the owner of all right, title, and interest in and to the mark 'Troomi.'"

18. "In or about November 2018, Mr. Dalby hired EKR to come up with potential new names for the company, and on or about November 21, 2018, EKR delivered a confidential 30-page presentation with potential company names and service extension names, which included the name 'Wireless' to follow the new company names EKR proposed."

19. "In addition, Mr. Brady and EKR delivered a second confidential presenation for the naming project on or about December 14, 2018, wherein the original marks 'Gabb' and 'Troomi' were proposed as new names for Tyndale."

20. "While Mr. Dalby decided to change the name to Tyndale to 'Gabb Wireless,' however, as the owner of the other names presented to him during the confidential presentations, he intended to use the original mark 'Troomi' as part of Gabb's continued expansion and creation of additional technological devices that are safe for kids."

22. "The agreement provides that all work performed for Client by EKR shall be considered 'work for hire.' Therefore, under its agreements with EKR, Tyndale is the true and rightful owner of the mark 'Troomi.'"

32. "indeed, in the application to trademark 'Troomi,' Mr. Brady and Mr. Preece falsely, fraudulently, and deceptively represent themselves as the owners of the original mark 'Troomi.'"

38. "On or about June 24, 2020…Mr. Brady filed articles of incorporation for 'Troomi Wireless, Inc.' as a new corporation, organized under the laws of the State of Delaware."

42. "Upon information and belief, Defendants have filed applications in all fifty states with the respective authorities for Troomi Wireless to do business nationwide – using Gabb Wireless's mark, 'Troomi.'"

45. "Further as of April 2021, Troomi Wireless maintains a LinkedIn page, representing itself as a company that provides safe alternatives to introduce children to smartphones. In addition, Troomi Wireless is recognized as being 'similar' to Gabb Wireless:"

46. "As of April 2021, Troomi Wireless operates the website Troomi.com, wherein it continues to represent that Troomi Wireless, as well as the company's co-founders, are the owners of the original mark, 'Troomi,' and that Troomi Wireless is a kid-friendly smartphone company that allows for children to have a safe experience with smartphones:"

55. "Plaintiff Gabb Wireless is using the original mark, 'Troomi,' in commerce as part of its continued expansion of technological devices that are safe for children."

57. "Defendants continue to use the mark 'Troomi' in commerce." *See also* ¶ 71.

58. "Upon information and belief, Defendants have filed applications to do business in all fifty states, they operate a website, Troomi.com, that is used in commerce, and they maintain multiple social media platform pages, wherein they continue to represent themselves as the owners of the original mark, 'Troomi.'" *See also* ¶ 72.

59. "Such representations have caused and/or will cause mistake as to Defendants' ownership of the Troomi mark, since Defendants' have only through fraud and bad faith ostensibly filed a trademark application in their names as owners; whereas, the mark was prepared and provided to Gabb Wireless expressly under EKR's agreements with Gabb Wireless to provide such services on behalf of Gabb Wireless as a work-for-hire." *See also* ¶ 69.

60. "Such representations have caused and/or will cause mistake as to Defendants' association, connection, and/or affiliation with Plaintiff Gabb Wireless and its mark, 'Troomi.'" *See also* ¶ 73 (alleging "passing off and/or palming off of the mark, 'Troomi,'" instead of "representations".)

61. "Such representations have caused and/or will cause deception as to Defendants association, connection, and or affiliation of Defendants with Plaintiff Gabb Wireless and its

original mark, 'Troomi.'" *See also* ¶ 74 (alleging "passing off and/or palming off of the mark, 'Troomi,'" instead of "representations".)

62. "Such representations have caused and/or will cause deception in relation to Gabb Wireless's approval of Defendants' use of the original mark, 'Troomi.'" *See also* ¶ 75 (alleging "passing off and/or palming off of the mark, 'Troomi,'" instead of "representations".)

63. "As a direct and proximate result of Defendants misrepresentations and false advertising,…." *See also* ¶¶ 64, 76, 77.

67. "Defendants are passing off or palming off Gabb Wireless's mark, 'Troomi,' as their own goods and services."

68. "Defendants have falsely represented that they are the owners of the original mark, 'Troomi.'"

70. "Further, Defendants have filed misleading applications to do business in all fifty states, incorporating the original mark, 'Troomi,' as their own."

Exhibit A to the Complaint is Troomi's trademark application. It lists the filing basis as "SECTION 1(b)". This is the intent-to-use basis, which means that the applicant has a bona fide intention to use the mark in commerce with its goods or services in the near future. The filing date listed on this application is May 5, 2020.

Exhibit D to the Complaint is Gabb's trademark application. It lists the filing basis as "SECTION 1(b)". This is the intent-to-use basis, which means that the applicant has a bona fide intention to use the mark in commerce with its goods or services in the near future. The filing date listed on this application is March 31, 2021.

# LEGAL STANDARDS

I.        **Rule 12(b)(6)**

The U.S. Supreme Court has established a federal pleading requirement created, in part, to "avoid ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (citation omitted). As part of that requirement, a complaint must contain sufficient factual matter that, when accepted as true, will "nudge [] [its] claims across the line from conceivable to plausible." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). If a complaint "stops short of the line between possibility and plausibility of entitlement to relief," such a complaint is ripe for a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted) (stating that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). In determining the sufficiency of a claim, the court must accept all non-conclusory allegations as true. S*ee Iqbal*, 556 U.S. at 679; *see also Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825–28 (7th Cir. 2015) (explaining that, in deciding a motion to dismiss, a court must focus on the sufficiency of the factual allegations and not whether they are likely to be true)).

The U.S. Supreme Court cases of *Twombly* and *Iqbal* introduced a "new, further refined standard" to the Rule 12(b)(6) motion. *Kan. Penn Gaming*, 656 F.3d at 1214. In the Tenth Circuit that standard is this: "to withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Id.* The Tenth Circuit recognizes two working principles that guide the District Judge when applying this standard.

"First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "mere labels and conclusions," and formulaic recitations of the elements" will not suffice. A plaintiff must offer specific factual allegations to support each claim. *Id.*; *see also Morman v. Campbell County Mem. Hosp.*, 632 F. App'x 927, 931 (10th Cir. 2015) (unpublished).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Kan. Penn Gaming*, 656 F.3d at 1214 (quoting *Iqbal*, 556 U.S. at 679). "In other words, a plaintiff must offer sufficient factual allegations to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). "What this means in any given case will depend entirely on the nature of the claims and the context in which they arose." *Morman*, 632 F. App'x at 932 (quoting *Kan. Penn Gaming*, 656 F.3d at 1215).

## II. <u>Lanham Act Trademark Infringement</u>

To establish a violation under the Lanham Act for an unregistered mark under 15 U.S.C. § 1125(a), the plaintiff must demonstrate that (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion. *A&H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3rd Cir. 2000); *see also 1-800 Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400, 407 (2d Cir. 2005). In Lanham Act trademark infringement claims, the plaintiff bears the burden of proof. *A & H Sportswear, Inc.*, 237 F.3d at 210-211.

## III. <u>Lanham Act False Advertising</u>

"The Lanham Act creates a cause of action for unfair competition through misleading advertising or labeling." *POM Wonderful, LLC v. The Coca-Cola Co.* 134 S.Ct. 2228, 2234

(2014). To prevail on a false-advertising claim under the Lanham Act, a plaintiff must satisfy the following elements: (1) a false or misleading statement of fact; that is (2) used in a commercial advertisement or promotion; that (3) deceives or is likely to deceive in a material way; (4) in interstate commerce; and (5) has caused or is likely to cause competitive or commercial injury to the plaintiff. *Lexmark v. Static Control Components*, 134 S. Ct. 1377, 1384 (2014). The Supreme Court noted that a Plaintiff suing under 35 U.S.C. § 1125(a) "ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendants advertising…" *Lexmark,* 134 S. Ct. at 1391. In affirming that Static Controls has a right to its day in court due to its lost sales, the Supreme Court noted "that occurs when deception of consumers causes them to withhold trade from plaintiff." *Lexmark,* 134 S. Ct. at 1391. The protection of the Lanham Act "may be invoked only by those who allege an injury to a commercial interest in reputation or sales." *POM Wonderful LLC*, 134 S. Ct. at 2234.

## ARGUMENT

I. <u>**No Claim For Lanham Act Trademark Infringement**</u>

    A.    <u>Gabb does not allege proper ownership of a valid and legally protectable mark.</u>

"It is a bedrock principle of trademark law that trademark ownership is not acquired by federal or state registration, but rather from prior appropriation and actual use in the market." *BetterBody Foods & Nutrition, LLC v. Oatly AB & Oatly, Inc.*, No. 2:20-CV-00492-DAK, 2020 WL 6710433, at *3 (D. Utah Nov. 16, 2020) (*quoting S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 665 (7th Cir. 2016) (internal citations and formatting omitted)). The standard test of trademark ownership is priority of use. *Threeline Imports, Inc. v. Vernikov*, 239 F. Supp. 3d 542, 557 (E.D. N.Y. 2017).

Gabb alleges that it owns the mark because it hired EKR to think of new names that it might choose to use. Gabb alleges that the name or mark "Troomi" was a result of a work for hire. However, trademark ownership flows from use, not creation. Also, the work for hire doctrine that is applicable to the ownership of a copyright, is not applicable to the ownership of a trademark.

As pled, the Complaint shows that Troomi, not Gabb, is the owner of the Troomi mark. Gabb does allege that it is using the mark in commerce. *See* ¶ 71 of the Complaint. However, this is nothing more than a conclusory statement or formulaic recitation of the element. Gabb repeatedly alleges that Troomi is using the Troomi mark and even includes evidence showing this use. *See* ¶¶ 42, 43, 45, 46, 57, 58, 62, and 71 of the Complaint.

The intent to use trademark applications filed as Exhibits A and D to the Complaint also show that Troomi is the owner of the Troomi mark through first use. Although both applications were filed as intent to use applications, indicating that the mark was not being used in commerce at the time of filing, they were filed at very different times. Troomi filed Exhibit A on May 5, 2020, nearly a year before the Complaint was filed. Since that time, as repeatedly alleged by Gabb in its Complaint, Troomi used this mark. *See* ¶¶ 42, 43, 45, 46, 57, 58, 62, and 71 of the Complaint. Gabb, on the other hand, filed Exhibit D on March 31, 2021, after Gabb learned that Troomi was using the mark. *See* ¶ 43 of the Complaint. This was less than a month before Gabb filed the Complaint and there are not specific allegations that Gabb used this mark in commerce.

All of the factual allegations and evidence included in the Complaint confirm that Troomi is the first user and, therefore, the owner of the Troomi mark. Accordingly, Gabb does not

properly allege ownership of the Troomi mark and does not state a claim for trademark infringement under the Lanham Act.

  B. <u>Gabb does not allege likelihood of consumer confusion.</u>

  The "central inquiry" in a trademark infringement claim is whether there is a likelihood of consumer confusion. *Hornady Mfg. Co. v. Doubletap,* 746 F.3d 995, 1001 (10th Cir. 2014). This is a fact intensive inquiry, where the following six factors are considered: (1) the degree of similarity between the competing marks; (2) the intent of the alleged infringer in adopting the contested mark; (3) evidence of actual confusion; (4) the similarity of the parties' products and the manner in which the parties market them; (5) the degree of care that consumers are likely to exercise in purchasing the parties' products; and (6) the strength of the contesting mark. *Id.*

  Likelihood of consumer confusion is present when consumers are likely to be confused as to the source or origin of goods or services offered under the mark in questions. *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1238 (10th Cir. 2013) ("consumers may experience direct confusion of source when they develop the mistaken belief that the plaintiff is the origin of the defendant's goods or services… [o]r consumers may experience reverse confusion of source when they mistakenly believe that the defendant is the origin of the plaintiff's goods or services."). Confusion, mistake, or deception as to alleged ownership of a mark under an inapplicable theory is irrelevant. In its allegations, Gabb does use words like "deception" and "mistake." *See* ¶¶ 60-62 of the Complaint. However, these are all directed to Troomi's affiliation with Gabb or right to use the mark, not to any alleged confusion as to the source of goods. Similarly, Gabb repeatedly uses the phrase "passing off" and "palming off." *See* ¶¶ 67 and 73-75 of the Complaint. Again, however, these refer to an alleged "passing off" or "palming off" of

the mark, not of goods or services. Again, this is a nonsensical argument. Goods or services, not marks, are passed off or palmed off. The mark is relevant if one party's mark is infringed in order to convince consumers that an infringer's goods originate from the trademark owner. It is not the object that is passed off. *See John Bean Techs. Corp. v. B GSE Grp., LLC*, 480 F.Supp.3d 1274, 1304, 1306 (D. Utah Aug. 13, 2020) ("To illustrate, passing off could include Reebok removing its distinctive "vector" logo from its own shoes and replacing it with Nike's "swoosh." Reverse passing off, on the other hand, would entail Reebok acquiring Nike's shoes, replacing the swoosh with Reebok's vector logo, and selling the shoes as if Reebok produced them… If the defendant supplies a product it manufactured, even if copied from a competitor, a reverse passing off claim generally will not attach.").

Because Gabb did not allege facts sufficient to show likelihood of consumer confusion that are not simply conclusory, it has failed to state a claim for trademark infringement under the Lanham Act.

**II.**     **<u>No Claim for Lanham Act False Advertising</u>**

Gabb uses the term "false advertising" several times, but it never alleges that an advertisement is false.

    A.     <u>Gabb does not allege a false statement of fact.</u>

Gabb uses the term "false advertising" several times, *See* ¶¶ 63, 64, 76, and 77 of the Complaint. But, Gabb never alleges any actual false statement of fact. At most, Gabb alleges, "in the application to trademark 'Troomi,' Mr. Brady and Mr. Preece falsely, fraudulently, and deceptively represent themselves as the owners of the original mark 'Troomi.'" ¶ 32 of the Complaint. This is not a false statement of fact. As discussed above, the application was an intent

to use application and Troomi did have a bona fide intent to use the mark "Troomi" in commerce. As discussed above, this allegation is also based on an improper view of trademark ownership.

B.  Gabb does not allege a false statement in a commercial advertisement.

Troomi's trademark application is not a commercial advertisement. Even if it did contain a false statement of fact, it could not support a claim for false advertising.

C.  Gabb does not allege competitive injury.

Gabb makes conclusory assertions of irreparable harm and monetary harm. But, Gabb does not allege any kind of competitive injury beyond a simple recitation of the element. Gabb does not allege competition and, therefore, does not allege competitive injury. Gabb certainly does not allege that a "deception of consumers" has caused consumers "to withhold trade from plaintiff." *Lexmark,* 134 S. Ct. at 1391.

For at least these three reasons, Gabb has not stated a claim for false advertising upon which relief can be granted.

**III.  Granting Leave to Amend Would be Futile**

Gabb's Lanham Act claims are deficient not simply because they are pled imprecisely or with slight deficiencies. They are deficient because they rely on a misunderstanding or misapplication of the law. Gabb would not be able to replead its Lanham Act claims to properly allege trademark ownership, consumer confusion, a false statement of fact in an advertisement, or competitive injury under proper legal theories. Accordingly, Troomi requests that Gabb's first and second claims be dismissed and Gabb not be granted leave to amend them as such leave would be futile.

## CONCLUSION

Based on the foregoing, Troomi respectfully requests that Gabb's first and second causes of action in the Complaint be dismissed as matter of law for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). Troomi further requests that Gabb not be given leave to amend its Complaint as any attempt to remedy the deficiencies in these causes of action would be futile.

DATED: July 19, 2021.

**DENTONS DURHAM JONES PINEGAR, P.C.**

/s/ Clinton E. Duke
Larry R. Laycock
Clinton E. Duke
Adam B. Beckstrom
Madeline Aller
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2021 the foregoing was filed with the Court and served upon all counsel of record via the court's electronic filing system.

/s/ Clinton E. Duke