UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| GABB WIRELESS, INC. a Delaware Corporation,<br><br>    Plaintiff,<br>v.<br><br>TROOMI WIRELESS, INC, a Delaware Corporation; and WILLIAM BRADY, an individual; and DAVID L. PREECE, an individual,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DOC. NO. 35)**<br><br>Case No. 2:21-cv-00253<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Daphne Oberg |

Plaintiff Gabb Wireless, Inc. ("Gabb") filed this action against Defendants Troomi Wireless, Inc., William Brady, and David L. Preece on April 26, 2021. (Compl., Doc. No. 2.) Gabb Wireless brought six causes of action, including two claims that Defendants violated its rights under the Lanham Act in connection with the trademark "Troomi." (*Id.* ¶¶ 51–78.) On January 14, 2022, the court granted Defendants' motion to dismiss the two Lanham Act claims, finding Gabb failed to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Order, Doc. No. 30.) Gabb now moves to amend its complaint to add claims for trademark cancellation and unjust enrichment. (Mot., Doc. No. 35; *see also* Proposed First Am. Compl., Doc. No. 35-1.) Defendants oppose the motion to amend, arguing the proposed amendment would be futile because the new claims fail to state a claim for relief. (Opp'n, Doc. No. 48.) Because this argument is more appropriately addressed in the context of a motion to dismiss, and there is no other basis to deny leave to amend, the court grants Gabb's motion to amend.

1

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted). Rule 15 instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (internal quotation marks omitted). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* (internal quotation marks omitted). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted). Prejudice to the opposing party is the "most important" factor in deciding whether to allow leave to amend. *Minter*, 451 F.3d at 1207.

Although futility alone is a sufficient basis to deny leave to amend, *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007), it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the arguments would be more properly addressed in dispositive motions. *See Lambe v. Sundance Mt. Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in

the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility argument based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss). Particularly where futility arguments are duplicative of arguments which could be raised in a motion to dismiss, courts have found that addressing those arguments in the context of a motion to amend "place[s] the cart before the horse," and "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215, 2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished), *R&R adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017).

In this case, Defendants' futility arguments would be more appropriately addressed in dispositive motions. Defendants' arguments that Gabb's proposed new claims for trademark cancellation and unjust enrichment fail to state a plausible claim for relief could be raised in a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rather than forcing a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, these arguments would be more properly addressed in the context of a motion to dismiss. This is particularly true where Defendants do not allege any undue delay, bad faith, or dilatory motive by Gabb, and do not assert they would suffer undue prejudice if the amendment were allowed. Gabb moved to amend within the deadline set by the court, (*see* Doc. No. 34), this is its first amendment, and the case is

still in its initial stages.  Thus, none of the other factors justifying denial of leave to amend are present here.

For these reasons, the court declines to engage in a futility analysis at this stage.  Because Defendants do not assert any other grounds to deny leave to amend, the court GRANTS Gabb's motion to amend, (Doc. No. 35).  Gabb shall file a clean version of the First Amended Complaint in the form found at Doc. No. 35-1 within seven (7) days of the date of this order.  Once filed on the docket, the First Amended Complaint will be the operative pleading in this case.

DATED this 22nd day of July, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge