IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GABB WIRELESS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TROOMI WIRELESS, INC., a Delaware corporation; WILLIAM BRADY, an individual; and DAVID L. PREECE, an individual,<br><br>Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:21-cv-253-TC-DAO |

In January 2022, the court dismissed Plaintiff Gabb Wireless, Inc.'s Lanham Act trademark infringement claim because Gabb had not adequately alleged a protectable interest in the "Troomi" trademark.[1] After dismissal, Gabb amended its complaint to add two claims: (1) cancellation of the "Troomi" trademark registration, and (2) unjust enrichment. Defendants Troomi Wireless, William Brady, and David Preece now ask the court to dismiss those claims, in part based on the court's January 2022 ruling. For the reasons set forth below, the court grants Defendants' Motion to Dismiss[2] in part and denies it in part.

**Factual Allegations**[3]

In its opposition to the Motion to Dismiss, Gabb points to the following allegations in its

---
[1] See Jan. 14, 2022 Order & Memorandum Decision, ECF No. 30.
[2] ECF No. 51.

1

Amended Complaint:[4]

1. In 2011, Defendant William Brady entered into contracts with his employer, EKR, ("the Agreement") under which he agreed to protect and not use EKR's confidential information. (Am. Compl. ¶ 16, ECF No. 50.) EKR is not a party to this litigation.

2. On October 8, 2018, Stephen Dalby, Mr. Brady, and others formed Tyndale Technology, Inc. ("Tyndale") for the purpose of creating a cellular network safe for children. (Id. ¶ 17.)

3. In November 2018, Mr. Dalby hired EKR to develop new potential names for Tyndale. (Id. ¶ 18.)

4. Mr. Brady and EKR developed two confidential presentations for Mr. Dalby containing many potential new names for Tyndale, one in November 2018 and the other in December 2018. The December 2018 presentation included the original names "Gabb" and "Troomi." (Id. ¶¶ 18-19.)

5. Both Mr. Brady and EKR were compensated for their work in the Tyndale renaming project. (Id. ¶¶ 21-23.)

6. In March 2020, Mr. Brady "formally [withdrew his] involvement in Gabb" but he remained EKR's president. (Id. ¶¶ 25-26.)

7. On April 11, 2020, Mr. Brady logged into EKR's Google Docs account and restricted access to the December 2018 confidential name presentation which included the names "Gabb" and "Troomi," but not the November 2018 confidential name presentation which did not include those names. (Id. ¶ 27.)

8. On May 5, 2020, Mr. Brady, who was president of EKR, and Defendant David Preece,

---

[3] When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must take all well-pled facts as true and construe them in a light most favorable to the non-moving party. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).
[4] For a more detailed description of the events, see the court's January 2022 Order.

through counsel, filed an application with the United States Patent and Trademark Office ("USPTO") to trademark the name "Troomi." (Id. ¶¶ 26, 28.)

9. On May 6, 2020, Mr. Brady again logged into EKR's Google Docs account and deleted the December 2018 confidential name presentation. (Id. ¶ 31.)

10. In their application, Mr. Brady and Mr. Preece verified to the USPTO that they were entitled to use "Troomi" in commerce and that "no other persons . . . have the right to use the mark ["Troomi"] in commerce." (Id. ¶ 29.)

11. The mark "Troomi" formally registered on April 26, 2022. (See U.S. Trademark Reg. No. 6713949, attached as Ex. D to Defs.' Mot. to Dismiss, ECF No. 51-1.)

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal if the complaint fails to state a claim upon which relief can be granted. The court must accept all well-pled factual allegations as true and construe them in the light most favorable to the nonmoving party. Strauss v. Angie's List, Inc., 951 F.3d 1263, 1267 (10th Cir. 2020). That rule does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). "Mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 at 570).

**Trademark Registration Cancellation**

A party may petition the court to cancel another party's trademark registration if he believes he is, or will, be damaged by registration of the mark with the USPTO. 15 U.S.C. §§ 1064, 1119. To succeed, he must prove that he has statutory standing and that valid grounds for cancellation exist. Cunningham v. Laser Golf Corp., 222 F.3d 943, 945–46 (Fed. Cir. 2000); Coach Servs., Inc. v. Triumph Learning LLC, 668 F.3d 1356, 1376 (Fed. Cir. 2012).

Because Defendants' trademark registration is less than five years old, any ground that would have prevented registration in the first place is a valid ground for cancellation. Cunningham, 222 F.3d at 945–46. Such grounds include fraud in procuring trademark registration, which occurs when an applicant knowingly makes a false, material representation of fact in connection with a registration application with the intent to deceive the USPTO. In re Bose, 580 F.3d 1240, 1245 (Fed. Cir. 2009).

Gabb bases its trademark cancellation claim on its assertion that Defendants fraudulently represented to the USPTO that they, and only they, were entitled to use the "Troomi" mark in commerce. Even assuming Gabb has standing,[5] Gabb does not provide a valid reason why Defendants' representations to the USPTO were fraudulent.

Gabb says Defendants knowingly and falsely represented in the May 5, 2020 registration

---

[5] To allege standing, a party must allege a real interest in the registration proceeding and a reasonable belief it will be damaged by the registration. Australian Therapeutic Supplies Pty., Ltd. v. Naked TM, LLC, 965 F.3d 1370, 1374 (Fed. Cir. 2020). "The purpose of the standing requirement is 'to prevent litigation where there is no real controversy between the parties, where a plaintiff, petitioner or opposer, is no more than an intermeddler.'" Coach Servs., 668 F.3d at 1376 (quoting Lipton Indus., Inc. v. Ralston Purina Co., 670 F.2d 1024, 1028–29 (C.C.P.A. 1982)). To show a "real interest," the party challenging registration "must have 'a legitimate personal interest in the opposition [to trademark registration].'" Id. at 1376 (quoting Ritchie v. Simpson, 170 F.3d 1092, 1095 (Fed. Cir. 1999)). As for a reasonable belief of damage, "the opposer's belief of damage 'must have a reasonable basis in fact.'" Id. at 1375 (quoting Ritchie, 170 F.3d at 1098).

application that they were entitled to use the mark in commerce to the exclusion of all others. (Am. Compl. ¶¶ 53-54.) To adequately state a claim for cancellation due to fraud on the USPTO, Gabb must plead, with particularity under Federal Rule of Civil Procedure 9(b), that as of May 5, 2020 (the application filing date),

> (1) there was in fact another use of the same or a confusingly similar mark at the time the oath was signed; (2) the other user [here, Gabb] had legal rights superior to applicant's; (3) applicant [here, Defendants] knew that the other user had rights in the mark superior to applicant's, and either believed that a likelihood of confusion would result from applicant's use of its mark or had no reasonable basis for believing otherwise; and that (4) applicant, in failing to disclose these facts to the Patent and Trademark Office, intended to procure a registration to which it was not entitled.

Intellimedia Sports, Inc. v. Intellimedia Corp., 43 U.S.P.Q.2d 1203 (T.T.A.B. 1997); Qualcomm Inc. v. FLO Corp., 93 U.S.P.Q.2d 1768 (T.T.A.B. 2010). See also, e.g., Hana Fin., Inc. v. Hana Bank, 500 F. Supp. 2d 1228, 1234 (C.D. Cal. 2007) (addressing Rule 12(b)(6) motion challenging trademark registration cancellation claim).

Defendants' verification in the application would be false only if Gabb had some ownership rights in "Troomi" that granted it the right to use the mark in commerce and prevent Defendants from doing the same. "It is well established that the standard test of ownership is priority of use. 'The user who first appropriates the mark obtains an enforceable right to exclude others from using it, as long as the initial appropriation and use are accompanied by an intention to continue using the mark commercially.'" Threeline Imports, Inc. v. Vernikov, 239 F. Supp. 3d 542, 557–58 (E.D.N.Y. 2017) (quoting La Societe Anonyme des Parfums LeGalion v. Jean Patou, Inc., 495 F.2d 1265, 1270 (2d Cir. 1974)). Gabb does not allege that it used "Troomi" in commerce before Defendants did. Indeed, the court has already held that "Gabb fails to allege a protectable interest in the Troomi mark …." (Jan. 14, 2022 Order & Mem. Decision at 10, ECF No. 30.) Gabb's Amended Complaint does not allege new facts that would change that

conclusion. In other words, Gabb does not allege, as Intellimedia requires, that it had legal rights superior to the Defendants' rights.

Recognizing that ruling, Gabb attempts to avoid it by basing its trademark registration cancellation claim on the premise that Mr. Brady "covenanted by contract to protect and not use EKR's and its clients' confidential information, including the name Troomi," and that his "subsequent use of the name Troomi was a breach of that convenant[.]" (Gabb's Opp'n Mem. at 7–8, ECF No. 55.) Consequently, Gabb asserts, Mr. Brady's and Mr. Preece's statements to the USPTO claiming "that they, and they alone, were able to use the name 'Troomi'" were fraudulent. (Id. at 2.)

But even assuming "Troomi" was confidential information under the Agreement, the term was not a trademark when Mr. Brady conjured up the word and presented it to Tyndale (the predecessor to Gabb) in December 2018. "It is a bedrock principle of trademark law that trademark ownership is … acquired … from prior appropriation and actual use in the market." S.C. Johnson & Son, Inc. v. Nutraceutical Corp., 835 F.3d 660, 665 (7th Cir. 2016) (internal citations and alterations omitted). Moreover, Gabb does not allege facts showing it had acquired trademark ownership by the time Defendants submitted their application on May 5, 2020, or at any time before the USPTO published the registration on March 16, 2021. Instead, it appears that Gabb relies on an inapt analogy to the work-for-hire doctrine that applies in copyright, not trademark, law.[6] See 17 U.S.C. § 201(b) ("In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them,

---

[6] For example, Gabb contends that Mr. Brady "contracted away his right to EKR's and its clients' confidential information, including the name Troomi, as a condition of his employment." (Gabb's Opp'n Mem. at 8.)

owns all of the rights comprised in the copyright.").

Without a protectable interest in the Troomi trademark, Gabb cannot support its assertion that Defendants falsely represented they alone had the right to use the mark "Troomi" at the time they applied for registration. For that reason, the court dismisses Gabb's trademark cancellation claim.

**Unjust Enrichment**

In its claim for unjust enrichment, Gabb claims that "Defendants have been unjustly enriched by their misappropriation of the name 'Troomi,'" and asks for $5 million in damages as well as a "constructive trust" on the Troomi trademark. (Am. Compl. ¶¶ 61, 66.) To adequately allege its claim, Gabb must plead that (1) it conferred a benefit on Defendants; (2) the Defendants had an appreciation or knowledge of the benefit; and (3) retention of the benefit would be inequitable without payment of its value. Emergency Physicians Integrated Care v. Salt Lake Cnty., 167 P.3d 1080, 1083, 1086 (Utah 2007). "Once a plaintiff establishes each of its elements, 'the remedy is one of restitution designed to restore to a plaintiff a benefit unjustly enjoyed by a defendant.'" U.S. Fid. v. U.S. Sports Specialty, 270 P.3d 464, 468 (Utah 2012) (quoting Am. Towers Owners Ass'n v. CCI Mech., Inc., 930 P.2d 1182, 1192 (Utah 1996)[7]).

Gabb asserts it has the right to be compensated for misappropriation of a name. To Gabb, the value of that name is a substantial sum of money and the trademark itself. But, as noted above, the name "Troomi" was not a trademark when Mr. Brady developed the name for Gabb. The Troomi trademark did not come into existence until Defendants took subsequent independent actions to use the name "Troomi" in commerce and received the USPTO's registration approval. To the extent Gabb bases its unjust enrichment claim on an allegation that

---

[7] Abrogated on other grounds by Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC, 221 P.3d 234 (Utah 2009).

it conferred the benefit of a trademark on Defendants, its claim cannot stand, because it did not have a protectable trademark interest to confer.

But Gabb insists ownership of the mark is irrelevant to its unjust enrichment claim. According to Gabb,

> [t]he Complaint is very clear in its allegations: Gabb paid Mr. Brady and EKR to develop certain confidential information, including the brand name Troomi, and Defendant Brady's subsequent use of that confidential information ,which he had covenanted not to do, is a direct benefit to him. Defendant Brady was well aware of his covenant, and the creation of the confidential information—selecting it as the name for their company and seeking trademark protection—is irrelevant to the unjust enrichment claim; the fact that they used it at all is the basis of the claim.

(Gabb's Opp'n Mem. at 9.) Gabb's allegations support the conclusion that the name in its raw form had *some* value. The question of whether that value is the substantial loss alleged or some lesser amount, or whether restitution can only be achieved through a constructive trust on the trademark,[8] is an issue the court need not decide now. The bottom line is that Gabb does allege ownership of the confidential information (that is, the term "Troomi" in its initial, untrademarked, form) and that it conferred the value of that confidential information to the Defendants, all of which satisfies the first element of the quasi-contract claim. Gabb satisfies the other elements by alleging that Defendants used the confidential information to their benefit without compensating Gabb. At this stage, the court will not dismiss the unjust enrichment claim.[9]

---

[8] "[A] plaintiff relying on a contract-implied-in-law theory may seek either a legal remedy (money damages), or an equitable remedy (a constructive trust or equitable lien)[.]" Jones v. Mackey Price Thompson & Ostler, 355 P.3d 1000, 1015 (Utah 2015).

[9] The existence of an enforceable contract can foreclose an unjust enrichment claim. "Recovery under unjust enrichment presupposes that no enforceable written or oral contract exists." Davies v. Olson, 746 P.2d 264, 268 (Utah Ct. App. 1987), quoted in Ashby v. Ashby, 227 P.3d 246, 251 (Utah 2010). Certainly, Gabb's unjust enrichment claim concerns in part Mr. Brady's alleged breach of his confidentiality agreement with EKR by using the name "Troomi." But the rule does not foreclose the claim as pled, particularly because Gabb does not clearly allege it had a contract with Mr. Brady. See, e.g., Johnson v. Blendtec, Inc., 500 F. Supp. 3d 1271, 1293 (D.

## ORDER

For the foregoing reasons, the court grants Defendants' Motion to Dismiss (ECF No. 51) in part and denies it in part as follows: the trademark registration cancellation claim is dismissed with prejudice,[10] but Defendants' motion to dismiss Gabb's unjust enrichment claim is denied.

DATED this 18th day of January, 2023.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge

---

Utah 2020) (stating that court should not dismiss unjust enrichment claim if existence of valid contract is in dispute); Strobel v. Rusch, 431 F. Supp. 3d 1315, 1330 (D.N.M. 2020) (denying motion to dismiss unjust enrichment claim because one party argued that no enforceable contract existed).

[10] Typically a court grants a party the opportunity to amend its claim to cure pleading deficiencies. Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006). But leave to amend need not be given when doing so would be futile. Seale v. Peacock, 32 F.4th 1011, 1027 (10th Cir. 2022) (dismissal with prejudice is appropriate when granting leave to amend would be futile). Based on Gabb's unambiguous allegations (both in its original complaint and as repeated in its Amended Complaint), it does not have a protectable interest in the "Troomi" trademark. Without that, its trademark cancellation claim fails as a matter of law.